**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CARMAX AUTO SUPERSTORES, INC.,** | |
| Plaintiff, | |
| v. | Case No. RWT 16-cv-1459 |
| **MONTGOMERY BLAIR SIBLEY,** | |
| Defendant, | |
| v. | |
| **LITTLER MENDELSON, P.C., ET AL.,** | |
| Third-Party Defendants. | |

## MEMORANDUM OPINION

Montgomery Blair Sibley ("Sibley") is trained and was previously licensed as an attorney. He was suspended from the practice of law for three years in Florida (2008), three years in the District of Columbia (2010) and indefinitely in New York (2009).[1] The suspensions were based on Sibley's pursuit of meritless and vexatious litigation. He has not been reinstated by these jurisdictions.

In January 2011, Sibley obtained employment as a sales consultant for CarMax. The relationship did not end well. CarMax terminated Sibley's employment on May 6, 2016 after Sibley had formally requested arbitration in April 2016 for a number of grievances. Although Sibley initiated the arbitration proceeding, he unequivocally and in writing communicated his

---

[1] Sibley's suspensions are a matter of public record and available for review at the websites of the respective courts and bar associations. *Montgomery Blair Sibley*, The Florida Bar, www.floridabar.org/mybarprofile/725730 (last visited July 7, 2016); *Disciplinary Action*, The District of Columbia Bar, https://www.dcbar.org/membership/discipline-results.cfm?barNumber=%26%2CK5)*\%2B%24%0A (last visited July 7, 2016); *Attorney Detail*, New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5407999 (last visited July 7, 2016). *See also In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Sibley*, 61 A.D.3d 85, 874 N.Y.S.2d 338 (2009).

intent to pursue his claims instead in litigation.  After Sibley did so, CarMax filed a petition on May 16, 2016, asking this Court to compel arbitration regarding all of Sibley's claims against it. ECF No. 1.  On May 25, 2016, Sibley filed an Answer, Counterclaim, and Third-Party Complaint against CarMax and additional Third-Party Defendants, the attorneys and law firm representing CarMax: Joshua B. Waxman, Richard W. Black and the law firm of Little, Mendelson, P.C. ECF No. 8. Since that time, Sibley has flooded the Court with nine additional motions and two amended or supplemental Answers and Counterclaims. ECF Nos. 6, 10, 12, 13, 14, 27, 28, 32, 33, and 35.  CarMax has filed one Motion to Dismiss Counts Three through Eight of Sibley's First Amended Counterclaim. ECF No. 29. The  Court will now address all of the pending Motions in this Memorandum Opinion.

**I.      Factual Background**

When Sibley applied for employment with CarMax, he executed a Dispute Resolution Agreement ("DRA").  In the DRA, Sibley agreed to arbitrate any and all claims arising out of his employment at CarMax.  He also received a copy of the CarMax Dispute Resolution Rules and Procedures ("DRRP").  ECF No. 29-1 at 2.  Sibley began to work as a Sales Consultant at CarMax store 7206 in Montgomery County, Maryland, on or about January 24, 2011.[2] ECF No. 12 at 1.   As an employee, Sibley was assigned a company e-mail address, monty_b_sibley@carmx.com. *Id*. at 1–2.

Sibley formally requested arbitration on April 12, 2016, pursuant to the terms of the DRA and DRRP.  He alleged that "CarMax failed to provide fair and equal access to sales leads to Sibley and other commissioned employees."  *Id.* at 2.  "[T]he Arbitration Claim alleged: (i) Breach of Promise of Fair Sales Lead Access, (ii) Breach of Maryland Public Policy of Fair Sales Lead Access and (iii) Breach of Maryland Implied Covenant of Good Faith in

---

[2] Sibley asserts that he was hired on January 23, 2011, not the 24th.  ECF No. 12 at 1.

Employment." *Id*. at 2. On May 1, 2016, Sibley sent an e-mail through the CarMax corporate e-mail system to every CarMax Sales Associate. The e-mail addressed wages and working conditions. *Id*. Sibley asserted that he was anticipating bringing these issues up at the annual CarMax Shareholder's meeting in Richmond, Virginia scheduled for June 28, 2016. ECF No. 12 at 3.

On May 6, 2016 CarMax terminated Sibley's employment. ECF No. 29-1, at 2. Four days later, Sibley sent a letter to CarMax stating that he would be challenging the "substance of CarMax's answer to his arbitration claim, as well as certain provisions of the DRA and DRRP, in state court." *Id*. He restated this intention on May 13, 2016 when he asked CarMax's attorneys in a letter if they would accept service on behalf of CarMax. *Id.* Three days later, CarMax brought its petition to compel arbitration. The day after this matter was initiated, May 17, 2016, Sibley signed and dated a charge against CarMax and submitted it to the National Labor Relations Board ("NLRB"). Sibley asserts that this charge has been docketed with the NLRB as CarMax Auto Super Stores, Inc., Case No. 05-CA-176501.[3] ECF No. 12, at 3.

## II. Analysis

### A. Motion for Protective Order and Sanctions [ECF Nos. 6 and 17]

In Sibley's first Motion for Protective Order and Sanctions, he requested the Court to seal Exhibit 2 to the Complaint and enter sanctions against CarMax and its attorneys. ECF No. 6, at 3. As of May 25, 2016 at 11:55 a.m., Exhibit 2 was sealed. ECF No. 11, at 1. Accordingly, there is no need for a protective order, and the Court will direct that Exhibit 2 remain under seal.

The Court may impose sanctions upon an attorney who presents to the Court a pleading, motion or paper which was presented for an improper purpose. Fed. R. Civ. P. 11 (b), (c). A

---

[3] This case appears on the NLRB website, which indicates allegations of Section 8(a)(3) improper discharge and Section 8(a)(1) protection of concerted activities. NLRB, *CarMax Auto Super Stores, Inc.*, 05-CA-176501, https://www.nlrb.gov/case/05-CA-176501. The Signed Charge was docketed on May 18, 2016. *Id.*

cursory review of Exhibit 2 clearly shows that the disclosure of Sibley's social security number was inadvertent.  The social security number was properly redacted in two other places where it seems to have been typed in the document, but the disclosure in question was handwritten under Sibley's signature on the bottom half of page 6.  ECF No. 1-2, at 2.  It is thus obvious that the handwritten number was overlooked by the individual (or technology) redacting the documents. *Id.*  Additionally, Littler Mendelson has offered to pay for a two-year membership in a credit monitoring service and has assured the Court that those responsible were counseled on the importance of redaction.  ECF No. 9, at 2.  While the Court does not condone such an oversight, there is absolutely no basis—aside from Sibley's bald assertions—upon which this Court could conclude that the number was disclosed maliciously, with intent to harass, or for any other improper purpose.  Accordingly, the motion for a protective order and sanctions will be denied. *See* ECF Nos. 6 and 17.

      **B.**     **Second Motion for Protective Order [ECF No. 10]**

Sibley also moved for a protective order "striking and/or sealing Exhibit '1,'" which he alleges was part of settlement negotiations.  ECF No. 10, at 4.  He argues that the release of the document violated the confidentiality agreement of the DRRP and Federal Rule of Evidence 408.  Sibley has since asked to withdraw the related Count VIII of his Counterclaim, in which he alleged that the release of the document was a breach of the DRRP.  *See* ECF No. 14, at 17; ECF No. 34, at 2.  Indeed, in Count II of his Counterclaim, he asks this Court to declare that the confidentiality provision is void, ECF No. 14, at 9, a position that is at odds with his motion.  The Court finds that the Exhibit was properly attached to the petition for purposes of establishing the amount in controversy as required for jurisdiction under 28 U.S.C. §1332.  This is a proper purpose under the DRRP, which permits disclosure "as may be appropriate in any subsequent

proceeding between the Parties." ECF No. 29-2, at 7.  Moreover, the purpose of the disclosure was not "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," and thus Rule 408 does not prohibit its use. *See* Fed. R. Evid. 408 (b) (allowing evidence of settlement negotiations or compromise to be admitted for other purposes).  For these reasons, the motion shall be denied and Count VIII of the Counterclaim shall be dismissed.

### C. Motion for Temporary Restraining Order or Preliminary Injunction [ECF No. 12]

Even though he was terminated from his position, Sibley also moved for a temporary restraining order or alternatively a preliminary injunction to restore his access to the CarMax e-mail system.  ECF No. 12 at 1.  He later withdrew Count III of his Counterclaim, which asks for similar, if not identical relief, to that sought in this motion.  ECF No. 34, at 2.  As such, the motion is moot and shall be denied.  However, the Court shall briefly address the merits for the sake of thoroughness.  Put simply, the Court does not have jurisdiction to hear this claim and, even if jurisdiction were not wanting, Sibley's arguments in favor of the motion fail on the merits.

Section Seven of the National Labor Relations Act grants employees the right to "self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."  29 U.S.C. §157. Section Eight enforces these rights by making it an unfair labor practice for employers to interfere with their employees' exercise of their Section Seven rights.  29 U.S.C. §158(a).  Any unfair labor practice claims are within the exclusive jurisdiction of the National Labor Relations Board. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).  "[W]hen an activity is arguably

subject to §7 or §8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Relations Labor Board." *Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005).

The only exceptions relevant to this case are when the conduct "is only a peripheral concern of the NLRA" or "touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the State of the power to act." *Richardson v. Kruchko & Fries,* 966 F.2d 153, 156 at n. * (4th Cir.1992) (quoting *Local 926, Int'l Union of Operating Eng'rs, AFL–CIO v. Jones,* 460 U.S. 669, 676 (1983) (quotation marks omitted)).  The claims Sibley asserts meet neither exception; he has not argued to the contrary.  Sibley claims that by terminating his employment and removing his access to its e-mail system, CarMax has violated his rights under the NLRA.  ECF No. 14, at 11.  The NLRB has exclusive jurisdiction to consider this claim, as well as the related motion for a preliminary injunction.

Sibley has utterly failed to meet his burden to show that he is entitled to injunctive relief, which requires, "a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  This must be shown by the party establishing that:  "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 374; *see also Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011).

Due to the lack of jurisdiction to hear this matter, the Court will not comment further on whether Sibley is likely to succeed on the merits, which is a question for the NLRB.  Sibley has failed to show that he will suffer irreparable harm in the absence of preliminary relief because he

states that he "maintained the cellphone list of [the CarMax] sales associates," and can therefore communicate using that information. ECF No. 1-1, at 1. Thus, it is bewildering that Sibley could possibly contend that he should be able to use his former employer's e-mail system. Additionally, if the only reason Sibley wanted to contact the other sales associates was for the June 28, 2016 Shareholder's meeting, this meeting has already passed. ECF No. 12, at 5–6. Finally, the balance of the equities and public interest do not tip in Sibley's favor. Although he asserts he would only be using the e-mail to engage in his Section Seven rights, the Court finds Sibley's previous behavior when using the CarMax e-mail system is concerning.[4]

For all of the above reasons, this Motion for Injunctive Relief or Preliminary Injunction, ECF No. 12, will be denied and Count III of the Amended Counterclaim will be dismissed.

**D.     Motion for Expedited & Limited Discovery [ECF No. 13]**

Sibley filed his third Emergency Verified Motion for Expedited & Limited Discovery on June 2, 2016. ECF No. 13. In this Motion, he requests the Court to "order PACER to immediately turn over download logs of the Petition in this matter from May 16, 2016 to May 25, 2016" in order for him to "seek further injunctive relief from this Court directed to each individual who downloaded the petition." *Id.* at 2. As pled, this motion seeks to discover information related to potential causes of action against individuals who are not party to this case. The discovery sought is, therefore, irrelevant to a claim or defense of any party in this case. *See* FRCP 26(b)(1). If "the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 n.17 (1978). Accordingly, this motion shall be denied.

---

[4] On May 10, 2016, Sibley wrote to CarMax's counsel and informed him that, "I forgot that I left a macro-capable running piece of software on the CarMax server and on the hard-drives of various work-stations," and stated that he was willing "to return to the store at a mutually-convenient time to address this issue" and that "it is unhygienic to allow such unknown software on a network." ECF No. 25-1, at 4. He later rescinded this offer unless he was under a legal duty to do so. ECF No. 25-4, at 3.

### E.     Motion for Partial Summary Judgment [ECF No. 27]

Sibley also moves for summary judgment, arguing that this Court lacks jurisdiction to consider CarMax's petition because Sibley has not breached the arbitration agreement. ECF No. 27, at 2.  "[A]n action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise *unambiguously manifesting an intention not to arbitrate* the subject matter of the dispute." *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995) (emphasis added); *accord Discover Bank v. Vaden*, 489 F.3d 594, 607 (4th Cir. 2007), *rev'd and remanded on other grounds*, 556 U.S. 49 (2009).

Here, Sibley's position is, at best, frivolous. He has "unambiguously manifest[ed] an intention not to arbitrate." *PaineWebber Inc.*, 61 F.3d at 1066. Through his communications with CarMax, he indicated he planned to file state charges. It is also unclear why he thinks this Court lacks jurisdiction to compel arbitration, but does have jurisdiction to:

> Declare Sibley's right, status, and other legal relations between him and CarMax in particular declaring that Rule 9(f)(ii) of the CarMax Dispute Resolution Agreement prohibiting "joint, class, or collective claims addressing wages, hours or other working conditions against the employer in any forum, arbitral or judicial" is void as against public policy and/or federal preemptive legislation and interpretation.

Amended Counterclaim, Count I, ECF No. 14, at 10.  Sibley will not be permitted to argue two mutually exclusive theories.  The motion for summary judgment is frivolous and will be denied.

### F. Motion for Rule 11 Sanctions [ECF No. 28]

Sibley's Motion for Rule 11 Sanctions, ECF No. 28, shall also be denied because, as discussed in the previous section, CarMax's petition was "not . . . presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," nor was it frivolous or lacking evidentiary support. Fed. R. Civ. P. 11. Sibley gave CarMax ample notice that he planned not to arbitrate and CarMax understandably brought the petition in response to that notice. The filing of its petition by CarMax was not frivolous, but Sibley's motion was.

### G. Motion to Dismiss Counts Three through Eight of Respondent/Counterclaim Plaintiff's First Amended Counterclaim [ECF No. 29]

As noted above, subsequent to CarMax moving to dismiss Counts III through VIII of Sibley's First Amended Counterclaim and First Amended Third-Party Complaint, he withdrew Counts III and VIII, leaving only Counts IV through VII to be addressed. *See* ECF No. 34, at 1-2. Counts IV through VI concern state privacy claims, and are thus governed by the law of Maryland. They shall be dismissed because the actions are protected by litigation privilege, and also fail to state a claim. Count VII, which alleges a violation of Federal Rule of Civil Procedure 5.2, shall be dismissed for failure to state a claim.

Litigation "privilege dates back 500 years to the English Court of Queen's Bench," and "dat[es] back to the 1880s." *O'Brien & Gere Eng'rs, Inc. v. City of Salisbury*, 135 A.3d 473, 482, 484 (Md. 2016) (citing *Beauchamps v. Croft,* 73 Eng. Rep. 639 (Q.B. 1497)). The privilege applies to statements "in pleadings, affidavits or other documents directly related to the case" as well as statements made "to initiate a judicial proceeding." *Offen v. Brenner*, 935 A.2d 719, 724-25 (Md. 2007).

In Maryland, the privilege applies regardless of evidence of malicious intent or whether the statements at issue are relevant to the proceedings. *Id.* at 724. Although Maryland has not specifically discussed how the privilege applies to privacy actions, other states have applied the litigation privilege to privacy claims. *See Buschel v. MetroCorp*, 957 F. Supp. 595, 598 (E.D. Pa. 1996) (explaining that Pennsylvania "has extended the absolute privilege to invasion of privacy actions"); *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins Co.*, 639 So. 2d 606, 608 (Fla. 1994) (holding "that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding.").

Sibley attempts to circumvent privilege by citing out-of-state cases that vitiate litigation privilege in cases of malice. ECF No. 34, at 2–3. These cases are inapposite. Not only do they rely on a distinctly different body of law, but, as explained in more detail below, Sibley has not plausibly alleged malice. Accordingly, Counts IV through VI will be dismissed because CarMax's inadvertent disclosure of Sibley's social security number is protected by absolute litigation privilege.

However, because there is no direct Maryland law on point, the Court shall briefly address the claims as plead. In a ruling on a motion to dismiss, the Plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

Ordinarily, a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, the Court notes that this is not an "ordinary" case of a pro se litigant because Sibley is not a novice in the law, but rather a law school graduate who as a result of vexatious litigation has lost his right to practice.

In Count IV, Sibley alleges that "CarMax, Waxman, Black and Littler, Mendelson, P.C. disclosed Sibley's social security number intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Sibley." ECF No. 14, at 12. Sibley apparently admits that he has no specific facts to support this claim, because he states that he needs "reasonable opportunity for discovery." *Id.* Sibley has alleged no facts that would support his assertion that the disclosure of his social security number was intentional, much less malicious. The Court will not authorize Sibley's proposed fishing expedition absent plausible factual allegations.

In Count V, Sibley alleges abuse of process. To bring a claim for abuse of process, the moving party must establish: "first, that the defendant willfully used process after it has issued in a manner not contemplated by law; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendant's perverted use of process." *Metro Media Entm't, LLC v. Steinruck*, 912 F. Supp. 2d 344, 351 (D. Md. 2012). Again, Sibley argues that

these elements would be proved "after a reasonable opportunity for discovery." ECF No. 24, at 7. As pleaded, however, there is absolutely no factual support for any of the elements.

In Count VI, Sibley seeks to bring a claim under the Maryland Social Security Number Privacy Act. The Act does not provide a private right of action to a person allegedly aggrieved by a violation of §14-3402(a)(1). In Maryland, the violation of a statute does not inherently create a civil cause of action. *Joseph v. Bozzuto Mgmt. Co.,* 918 A.2d 1230, 1242 (Md. 2007); *See also Hammond v. Robins*, 483 A. 2d 379 (1984); *Pahanish v. Western Trails, Inc.,* 517 A.2d 1122, 1132 (Md. Ct. Spec. App. 1986). Sibley does not contest this. *See* ECF No. 34, at 8. Rather, he argues that the breach of a statute could be used as evidence of negligence if the following requirements are met: "First, the plaintiff must be a member of the class of persons the statute was designed to protect. Second, the injury suffered must be of the type the statute was designed to prevent. Third, the plaintiff must present legally sufficient evidence to demonstrate that the statutory violation was the proximate cause of the injury sustained." *Id*. Notably, this analysis allows a statutory violation to serve as only evidence of negligence, not negligence *per se*. *Brooks v. Lewin Realty III, Inc.*, 378 Md. 70, 94, 835 A.2d 616, 630 n.2 (2003). As plead, Count VI has only vague references to injury and damages. ECF No. 14, at 15. Sibley responds by citing the average time it takes a person to remedy identity theft. ECF No. 34, at 9. Sibley has not alleged that his identity has been stolen or that he has had to undertake any of these tasks. This claim is entirely speculative and must be dismissed.

Finally, in Count VII, Sibley seeks to bring a claim based on Federal Rule of Civil Procedure 5.2. "[T]he Rules Enabling Act, 28 U.S.C. § 2072(b), specifically states that the Federal Rules of Civil Procedure 'shall not abridge, enlarge or modify any substantive right' and . . . '[c]ourts have uniformly interpreted this language to mean that a failure to comply with the

Federal Rules cannot create a private right of action.'" *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007); *see also Safford v. Barnes*, No. 1:14CV267, 2014 WL 5819380, at *7 (M.D.N.C. Nov. 10, 2014) (explaining that the Rules do not create a private cause of action and citing numerous cases). Sibley argues that the advisory notes to Rule 5.2 explain that it was created in response to "section 205(c)(3) of the E-Government Act of 2002," and that Section 205 creates a private right of action. ECF No. 34, at 10–12. First, Sibley's Counterclaim contains no mention of Section 205. Second, this Court is wary of reading the advisory notes of the Federal Rules as support for the creation of causes of action under a federal statute. Third and finally, there is absolutely nothing in the text of Section 205 that supports finding a private cause of action. Section 205(c)(3) outlines the requirements for courts to maintain electronic document filing systems. Lest there be any concern that Section 205 was unique and that Rule 5.2 is exceptional, Section 205(c)(3)(A)(i) requires the Supreme Court to "prescribe rules, in accordance with sections 2072 and 2075 of title 28, United States Code." As noted above, Section 2072 clearly states that the rules promulgated under its authority do not create new substantive rights. Sibley's argument that Rule 5.2 creates a new substantive right borders on frivolous.

### H.     Motion for Partial Clerk's Entry of Default Against CarMax as to Counts I and II [ECF No. 32]

Sibley has asked for a Partial Clerk's Entry of Default for Counts I and II of his Counterclaim. This shall be denied. Counts I and II ask for declaratory judgments. Setting aside for the moment whether entry of default is proper in a declaratory judgment action, this Court declines to find default has occurred. Count I, while fashioned as a cause of action, is actually a response to CarMax's petition to enforce the arbitration agreement. Sibley appears to be asking the Court to declare void the provision of the arbitration agreement prohibiting

collective or representative actions because of an NLRB decision, *In Re D. R. Horton, Inc.*, 357 NLRB 2277 (2012). Sibley neglects to mention that the Fifth Circuit vacated the arbitration analysis of that NLRB decision and deemed the arbitration requirement enforceable. *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013).[5] Likewise, Count II asks the Court to declare the confidentiality provision of the arbitration agreement void for public policy. These Counts both go to the heart of whether the arbitration agreement should be enforced.

In addition, Sibley filed a Motion for Partial Summary Judgment on June 28, 2016, arguing that the Court does not have subject matter jurisdiction to enforce the arbitration agreement. The date for CarMax to respond to this motion is July 15, 2016. By filing the motion, which challenges whether this Court has jurisdiction to enforce the agreement that is at issue in Counts I and II, Sibley has effectively tolled the time period for CarMax to respond to those Counts. As previously discussed, the Motion for Partial Summary Judgment shall be denied, and CarMax will be given an opportunity to respond to Counts I and II.

**III.   Conclusion**

To summarize, the Court shall dismiss the entirety of the Third-Party Complaint against Joshua B. Waxman, Richard W. Black and the law firm of Little, Mendelson, P.C, which was based on the inadvertent disclosure of Sibley's Social Security number. ECF No. 14. Regarding CarMax's petition and Counts I and II of Sibley's Counterclaim against CarMax, the Court believes the public interest is best served through a speedy resolution declaring the rights of the parties. Additionally, the Court finds that the resolution of this matter will not be aided by discovery or a hearing. As such, CarMax shall have up to and including July 25, 2016 to file an Answer to Counts I and II of Sibley's Counterclaim and a Motion for Summary Judgment on the

---

[5] Rule 3.3 of the Maryland Lawyers' Rules of Professional Conduct requires candor toward a tribunal and failure to disclose that a legal authority cited has been overruled could have significant professional ramifications for an offending attorney. *See Massey v. Prince George's County*, 918 F. Supp. 905, 906 (D. Md. 1996).

Petition to Compel Arbitration. Sibley shall have up to and including August 8, 2016 to file any Opposition and Cross-motion for Summary Judgment. CarMax shall have up to and including August 26, 2016 to file any Reply to Sibley's Opposition and any Opposition to Sibley's Cross-Motion for Summary Judgment. Finally, Sibley shall have up to and including September 7, 2016 to file any Reply in support of his Cross-Motion for Summary Judgment.

Sibley is warned that the patience of this Court is not limitless and it will not tolerate the type of vexatious and frivolous litigation that he has engaged in when appearing before other courts. *See, e.g.*, *Sibley v. Sibley*, 885 So.2d 980, 988 (Fla. Dist. Ct. App. 2004) ("[Sibley] has served as an unending source of vexatious and meritless litigation. This has caused needless consumption of resources by the court system and needless expense to the former wife. . We therefore prohibit [Sibley] from further self-representation in this court."). The Court is fully prepared to take all appropriate steps to prevent the waste of resources and time, and has at its disposal both Rule 11 and its inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)).

A separate order shall follow.


Date: July 13, 2016                                /s/
                                           ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE