## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CARMAX AUTO SUPERSTORES, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | |
| **MONTGOMERY BLAIR SIBLEY,** | * | Case No. RWT 16-cv-1459 |
| Defendant, | * | |
| v. | * | |
| **LITTLER MENDELSON, P.C., ET AL.,** | * | |
| Third-Party Defendants. | * | |

## MEMORANDUM OPINION

As this Court explained in its Memorandum Opinion filed on July 13, 2016 (ECF No. 38), the Defendant, Montgomery Blair Sibley ("Sibley"), trained and previously licensed as an attorney, was suspended from the practice of law by three jurisdictions based on his pursuit of meritless and vexatious litigation. He has not been reinstated by any of these jurisdictions.

In January 2011, Sibley transitioned from selling legal advice to selling used cars when he obtained employment as a sales consultant for CarMax. CarMax terminated Sibley's employment on May 6, 2016 after Sibley had formally requested arbitration in April 2016 for a number of grievances. After Sibley unequivocally and in writing communicated his intent to pursue his claims instead in litigation, CarMax filed a Petition on May 16, 2016, asking this Court to compel arbitration regarding all of Sibley's claims against it. ECF No. 1.

On July 13, 2016, this Court addressed the nine motions previously filed by Sibley—warning him that the Court would not tolerate the type of vexatious and frivolous litigation that he had previously engaged in and which caused the loss of his licenses to practice law. ECF No. 38 at 15.  On July 25, CarMax filed an Answer to the First Amended Counterclaims, ECF No. 41, and moved for summary judgment on its Petition and Sibley's Amended Counterclaim.  ECF No. 42.  On July 26, Sibley filed a Motion to Transfer Case and Consolidate Cases, ECF No. 43, and on August, 3, 2016 filed an "Opposition to Motion to Remand" and moved for jurisdictional discovery. ECF No. 44.  On August 3, Sibley filed a Cross Motion for Summary Judgment on his counterclaims, ECF No. 45, and filed a Cross Motion for Summary Judgment on CarMax's Petition.  ECF No. 46.  The Court will now address all of the pending motions.

## I.      Factual Background

When Sibley applied for employment with CarMax, he executed a Dispute Resolution Agreement ("DRA") in which he agreed to arbitrate any and all claims arising out of his employment by CarMax.  ECF No. 1 at 3.  He also received a copy of the CarMax Dispute Resolution Rules and Procedures ("DRRP"), which are incorporated by reference in the DRA. ECF No. 29-1 at 1–2.  Sibley began to work as a Sales Consultant at CarMax store 7206 in Montgomery County, Maryland, on or about January 24, 2011.  ECF No. 1 at 3.

While still employed by CarMax, Sibley formally requested arbitration on April 12, 2016, pursuant to the terms of the DRA and DRRP.  He alleged that "CarMax failed to provide fair and equal access to sales leads to Sibley and other Commissioned Employees."  ECF No. 8 at 7.  "[T]he Arbitration Claim alleged: (i) Breach of Promise of Fair Sales Lead Access, (ii) Breach of Maryland Public Policy of Fair Sales Lead Access and (iii) Breach of Maryland

2

Implied Covenant of Good Faith in Employment." *Id.* at 7.  On May 1, 2016, Sibley sent an e-mail through the CarMax corporate e-mail system to every CarMax Sales Associate.  The e-mail addressed wages and working conditions.  *Id.*  Sibley asserted that he was anticipating bringing these issues up at the annual CarMax Shareholder's meeting in Richmond, Virginia scheduled for June 28, 2016.  ECF No. 12 at 3.

On May 6, 2016 CarMax terminated Sibley's employment. ECF No. 29-1 at 2.  Four days later, Sibley sent a letter to CarMax's attorneys stating that he would be challenging the "substance of CarMax's answer to his arbitration claim, as well as certain provisions of the DRA and DRRP, in state court." *Id.*  He restated this intention in a May 13, 2016 letter in which he asked CarMax's attorneys if they would accept service on behalf of CarMax.  *Id.*  Three days later, CarMax brought its petition to compel arbitration.  The day after this matter was initiated, May 17, 2016, Sibley signed and dated a charge against CarMax and submitted it to the National Labor Relations Board ("NLRB").  Sibley asserts that this charge has been docketed with the NLRB as CarMax Auto Super Stores, Inc., Case No. 05-CA-176501.[1]  ECF No. 12 at 3.  Notably, the claims asserted by Sibley in his arbitration demand are being actively arbitrated at this time.  ECF No. 42-1 at 3.

II.   **Analysis**

   A.   **CarMax's Motion for Summary Judgment on Its Petition and Respondent's Amended Counterclaim**

The issue before the Court is whether CarMax may enforce the terms of the DRA and DRRP, ECF No. 1 at 7, including the class action waiver and confidentiality provisions. ECF No. 8 at 8.  CarMax filed a Motion for Summary Judgment arguing "there is no genuine

---

[1] This case appears on the NLRB website, which indicates allegations of Section 8(a)(3) improper discharge and Section 8(a)(1) protection of concerted activities.  NLRB, *CarMax Auto Super Stores, Inc.*, 05-CA-176501, https://www.nlrb.gov/case/05-CA-176501.  The Signed Charge was docketed on May 18, 2016.  *Id.*

dispute as to any material fact relating to the enforceability of the Class Action Waiver Provision and the Confidentiality Provision," and it is entitled to judgment as a matter of law.  ECF No. 42 at 1.  Rule 56 of the Federal Rules of Civil Procedure allows the court to grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant may show there is no genuine issue of material fact through the pleadings, discovery, exhibits, and other materials.  Fed. R. Civ. P. 56(c).  Upon motion for summary judgment and a showing by the moving party that there is no genuine dispute of material fact, the opposing party must rebut this showing by going beyond the pleadings to "designate specific facts showing that there is a genuine issue for trial."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citations omitted) (summarizing Fed. R. Civ. P. 56).  To survive a motion for summary judgment, the standard requires more than "the mere existence of *some* alleged factual dispute between the parties."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original).

Both the class action waiver and the confidentiality provisions are located in the DRRP.  These are incorporated by reference into the DRA.  ECF No. 1-2, at 1.  The Class Action Waiver Provision is in DRRP Rule 9(f)(ii) and states that:

> The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action, collective action, or representative action.  (A class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief).

ECF No. 1-3, at 7.  The DRRP's Confidentiality Provision is in DRRP Rule 9(g) and states that:

> All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in

response to a governmental agency or legal process.  All settlement negotiations, mediations, and the results thereof shall be confidential.  Nothing in this section shall be construed to restrict the right of an attorney to practice law.

ECF No. 1-3 at 7.

The Court concludes that there is no genuine issue of material fact, and Sibley has not met his burden in presenting this Court with sufficient evidence of a genuine dispute over a material fact.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Sibley admits in his "Factual Allegations" that he "was required and did sign the 'CarMax Dispute Resolution Agreement.'"  ECF No. 46 at 1–2.  This Court previously found jurisdiction on the basis of the Federal Arbitration Act when Sibley "'*unambiguously manifest[ed] an intention not to arbitrate*.'"  ECF No. 38 at 8 (emphasis in original) (quoting *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995)).   Whether to invalidate the class action waiver or confidentiality provision in an arbitration agreement on the basis of public policy is a question of law and is discussed below.

Before addressing the validity of these two provisions of the DRRP, it is important to emphasize that federal law creates a strong presumption of the enforceability of arbitration agreements.  The Federal Arbitration Act provides a petitioner with the ability to petition a United States District Court when there is an alleged "failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration."  9 U.S.C. § 4.  The statute emphasizes the presumption of enforceability in Section 2 of the Federal Arbitration Act by providing that:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Unless the Court finds a legal or equitable ground to invalidate a written provision in an arbitration agreement, it shall be presumed valid and enforced according to its terms. 9 U.S.C. § 2.  Both the United States Supreme Court and the Fourth Circuit have consistently applied this presumption.  *See Am. Express v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (holding that, consistent with the text of the FAA, courts must "'rigorously enforce'" arbitration agreements according to their terms (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (holding the FAA "establishes 'a liberal federal policy favoring arbitration agreements.'"); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'"); *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173, 180 (4th  Cir. 2013) (holding district court erred in refusing to uphold arbitration agreement's class action waiver as unconscionable); *Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540, 544 (4th Cir. 2005) (holding failure to uphold arbitration agreement reversible error even when defendant corporation failed to respond to arbitration demand letter). If the district court finds that the "making of the agreement for arbitration or the failure to comply" with its terms are not at issue, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.

### 1.      The Class Action Waiver Provision

Sibley argues that the class action waiver provision is "void against public policy" and should be struck down based on the National Labor Relations Board (NLRB) decision in *D.R. Horton, Inc.*, 357 NLRB 2277 (2012).  *See* ECF No. 8 at 8.  In *D.R. Horton, Inc.*, the NLRB held

that Section 7[2] of the National Labor Relations Act (NLRA) affording employees the right to bargain collectively invalidated a class action waiver in an arbitration agreement that required individual arbitration of employment disputes.

As previously discussed by this Court, however, the Fifth Circuit rejected the analysis of the NLRB decision in *Horton* and found the class action waiver to be valid and enforceable.  *See D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013).   Instead, the Fifth Circuit concluded that restrictions invaliding class or collective actions do not fall within the Federal Arbitration Act's "saving clause"[3] because the use of class action procedures is a procedural right—not a substantive right.   *Id.* at 357, 360.   Further, the Fifth Circuit found that (1) the NLRA does not contain a congressional command to override the Federal Arbitration Act, (2) the legislative history of the NLRA provides no such justification for disavowal, and (3) a contrary congressional command cannot be inferred "from an inherent conflict between the FAA and the NLRA's purpose."   *Id.* at 360–62.   This Court finds the Fifth Circuit's analysis of the issue highly persuasive and agrees with its legal conclusion that the NLRA does not prohibit class action waivers in arbitration agreements.   Although the Fourth Circuit has not addressed directly the NLRA's Section 7 in relation to the Federal Arbitration Act, Sibley's arguments

---

[2] Section 7 of the NLRA (29 U.S.C. § 157) provides that:
> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

[3] "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."   9 U.S.C. § 2.

against reaching the same conclusion as the Fifth Circuit are wholly unpersuasive.  Sibley fails to cite substantive, persuasive law in support of his position.

Notably, numerous Supreme Court and Fourth Circuit holdings support a conclusion that class action waivers in arbitration agreements do not conflict with the savings clause of the Federal Arbitration Act.   Even though the Supreme Court has not addressed the Federal Arbitration Act in light of the NLRA's Section 7 protections, in *Conception* it held that "[r]equiring the availability of classwide arbitration interferes with the fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."  563 U.S. at 344.  In *Muriithi*, the Fourth Circuit held that the ruling in *Conception* was broad and reversed a district court's refusal to enforce a class action waiver on the basis of unconscionability.   712 F.3d at 180.  In light of the strong federal presumption in favor of arbitration agreements and the Fourth Circuit's holding that class action waivers are not incompatible with the FAA's savings clause on the basis of unconscionability, this Court concludes there is no basis to find the class action waiver provision of the DRRP void on the basis of public policy.  As a matter of law, the class action waiver provision is valid and must be enforced.

## 2.      The Confidentiality Provision

Sibley also challenges the enforceability of the confidentiality provision in the DRRP on the basis of public policy and as substantively unconscionable.  *See* ECF. No. 45, at 9.  Sibley argues the provision is substantively unconscionable because "it favors CarMax, is too broad, and as it essentially impose [sic] a gag order such that employees are unable to mitigate the advantages inherent in CarMax being a repeat arbitration player."  *Id.*

In order to determine if a provision in an arbitration agreement is unconscionable under Maryland law, the "prevailing view is that both procedural and substantive unconscionability

must be present in order for a court to invalidate" a provision as unconscionable. *Freedman v. Comcast Corp.*, 988 A.2d 68, 85 (Md. Ct. Spec. App.) (citing Restatement (Second) of Contracts § 208 ("gross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms")). Sibley does not assert that the confidentiality provision is procedurally unconscionable, so this Court will only address his argument that it is substantively unconscionable. ECF No. 45 at 9.

Substantive unconscionability "involves those one-sided terms of a contract from which a party seeks relief. . . and [it] reminds us of contracts or clauses contrary to public policy or illegal." *Freedman*, 988 A.2d at 85 (citing *Carlson v. General Motors Corp.*, 883 F.2d 287, 296 (4th Cir. 1989). Terms that are substantively unconscionable include those "unreasonably favorable to the more powerful party" or "are otherwise 'unreasonably and unexpectedly harsh.'" *Freedman*, 988 A.2d at 85–86 (quoting *Walther v. Sovereign Bank*, 872 A.2d 735, 744 (Md. 2005)).

The Court agrees with CarMax that there is nothing substantively unconscionable about the confidentiality provision. *See* ECF No. 42-1, at 13. The confidentiality provision is neither "unreasonably favorable to the more powerful party" nor is it "otherwise 'unreasonably and unexpectedly harsh.'" *See Freedman*, 988 A.2d at 85–86 (quoting *Walther*, 872 A.2d at 744). Prior to having his license suspended in multiple jurisdictions, Sibley was a trained attorney who practiced law for many years. This Court is not convinced that CarMax would, in these circumstances, constitute a "more powerful party." *See Freedman*, 988 A.2d at 85–86. Furthermore, multiple courts have upheld the validity of the confidentiality provision in

CarMax's DRRP, and this Court is not persuaded to rule otherwise.  *See, e.g.*, *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1122 (C.D. Cal. 2015) (concluding CarMax's Rule 9(g) confidentiality provision "does not render the DRRP substantively unconscionable and thus unenforceable."); *Herrera v. CarMax Auto Superstores California, LLC*, 2014 WL 3398363, at *9–10 (C.D. Cal. July 2, 2014).   A confidentiality provision that imposes a confidentiality requirement on both parties—simultaneously benefiting both parties—is not "'unreasonably and unexpectedly harsh.'"  *See Freedman*, 988 A.2d at 85-86 (quoting *Walther*, 872 A.2d at 744).   This Court finds nothing under Maryland law finding confidentiality requirements in arbitration agreements to be void as a matter of public policy.  Accordingly, this Court finds the confidentiality provision of the DRRP enforceable.

As a result of finding both the class action waiver provision and the confidentiality provision enforceable, this Court will grant summary judgment on CarMax's Motion for Summary Judgment on Petitioner's Petition and Respondent's Amended Counterclaim [ECF No. 42].

## B.  Motion to Transfer Case and Consolidate Cases

Sibley requested under 28 U.S.C. § 1404(a) that this Court consolidate in this Court CarMax's litigation against Sibley currently before the United States District for the Eastern District of Virginia.   ECF No. 43, at 3.   This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).   Sibley misreads, however, the authority provided to a district court by the statute.   The statute affords a district court the ability to transfer a case before it *to* another district court.   28 U.S.C. § 1404(a).   The authority rests in the

*transferor* district court. Nowhere in the statute does it provide that a potential transferee district court has the authority to order another district court to transfer a case. 28 U.S.C. § 1404(a). Thus, although the Court finds no basis for a transfer under § 1404(a), the decision of the motion to transfer the case from the United States District Court for the Eastern District of Virginia will be left to that court. *See* 28 U.S.C. § 1404(a). Accordingly, Sibley's Motion to Transfer Case and Consolidate Cases will be denied. *See* ECF No. 43.

### C.    Motion for Jurisdictional Discovery

Sibley's Opposition to Motion to Remand and Motion for Jurisdictional Discovery duplicates Sibley's motion filed in the United States District Court for the Eastern District of Virginia. *See* ECF No. 44 at 1. The substantive arguments Sibley makes are in opposition to CarMax's Motion to Remand in *Carmax, Inc. et al v. Sibley*, 3:16-cv-00611-MHL (E.D. Va. July 15, 2016); a case before the Eastern District of Virginia. *See* Mot. to Remand, *Carmax, Inc., et al. v. Sibley*, 3:16-cv-00611-MHL (E.D. Va. July 15, 2016). This Motion has nothing to do with anything before this Court. *See id.* Thus, Sibley's Motion for Jurisdictional Discovery is inapplicable as to this case and shall be denied. *See* ECF No. 44.

### D.    Sibley's Cross Motion for Summary Judgment on Sibley's Counterclaims

For the reasons set forth in Part II.A. of this Memorandum Opinion, the Court will deny Sibley's Cross Motion for Summary Judgment on Sibley's Counterclaims [ECF No. 45].

### E.    Sibley's Cross Motion for Summary Judgment on CarMax's Petition

For the reasons set forth in Part II.A. of this Memorandum Opinion, the Court will deny Sibley's Cross Motion for Summary Judgment on CarMax's Petition [ECF No. 46].

**F.      CarMax's Request for Attorney's Fees Under 28 U.S.C. § 1927 and Rule 11 Sanctions**

CarMax in its Response to Sibley's "(I) Opposition to CarMax's Motion for Summary Judgment on CarMax's Petition, (II) Cross Motion for Summary Judgment on CarMax's Petition and (III) Declaration in Support" requested an award of attorney's fees under 28 U.S.C. § 1927 or the Court's inherent authority to impose sanctions under *Chambers v. NASCO*, 501 U.S. 32 (1991).   CarMax argues this is "a perfect illustration of a party abusing the judicial process" meriting attorney's fees because:

> (1) Mr. Sibley has a history of vexatious litigation; (2) he has filed numerous baseless motions in this case; (3) the Court has warned him it will not tolerate vexatious and frivolous litigation; and (4) the Court has already considered and rejected the same arguments that he presented in his latest motion, labeling them as "frivolous."

ECF No. 47, at 5.   Specifically, CarMax argues a "baseless string of motions" filed by Sibley from May 25 through July 5, 2016—many of which were summarily dismissed by this Court in its earlier Memorandum Opinion—constitute vexatious filings.   *See* ECF No. 47 at 7.   Further, CarMax highlights in support of its argument Sibley "regurgitating the same arguments the Court rejected" earlier.

Applicable authorities for a court's ability to sanction include 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and the inherent powers of the court under *Chambers*. 28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Section 1927 "was intended to sanction conduct Rule 11 does not reach; *i.e.*, protracting or multiplying the litigation to run up the opposition party's costs."  *Bakker v. Grutman*, 942 F.2d 236, 242 (4th Cir. 1991).  Rule 11, on the other hand, requires a party when presenting a filing to the court to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b).  This Court may, on its own initiative, order a "party to show cause why conduct specifically described. . . has not violated Rule 11(b)."  *See* Fed. R. Civ. P. 11(c)(3).  Finally, the Court's inherent power to manage its own affairs allows the Court to "fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers*, 501 U.S. at 44–45.  The ability to impose attorney's fees "is undoubtedly within a court's inherent power as well."  *Id.* at 45.  Each of these three sources of authority is directly applicable in the current matter before the Court.

This Court previously rejected Sibley's argument that this Court did not have jurisdiction under the Federal Arbitration Act because he allegedly did not breach the arbitration agreement.  ECF No. 38 at 8.  Despite this rejection and warning in the Court's earlier Memorandum Opinion "that the patience of this Court is not limitless and it will not tolerate the type of vexatious and frivolous litigation that he has engaged in when appearing before other courts," ECF No. 38 at 15, Sibley ignored this warning.  The only argument made in Sibley's "(I) Opposition to CarMax's Motion for Summary Judgment on CarMax's Petition, (II) Cross Motion for Summary Judgment on CarMax's Petition and (III) Declaration in Support" was that "Sibley Has <u>Not</u> Failed, Neglected, or Refused to Arbitrate."  ECF No. 46 at 3 (emphasis in original).  This is the very definition of vexatiousness.  *See* 28 U.S.C. § 1927.  Sibley is an experienced litigator who

should have known there is no good faith basis for regurgitating an argument the Court has already rejected.  Sibley's actions resulted in both CarMax and this Court unreasonably wasting time and resources.  *See* 28 U.S.C. § 1927.  Furthermore, the Court remains skeptical that a good-faith argument could be made by Sibley that, "to the best of" his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" his arguments in ECF No. 46, and other papers filed by him, were "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  *See* Fed. R. Civ. P. 11(b).

While this Court will not make a decision on sanctions based on Sibley's pervasive vexatious litigation in other courts, he does not come to this Court with a blank slate.  The Court finds persuasive CarMax's argument for attorney's fees under (1) the Court's inherent power to sanction under *Chambers*, (2) 28 U.S.C. § 1927; and (3) Rule 11 of the Federal Rules of Civil Procedure.  CarMax shall file by October 21, 2016, in accordance with *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235 (4th Cir. 2009) and Appendix B of the Local Rules of this Court, an affidavit setting forth its attorney's fees and expenses, organized by task, to assist the Court in determining the amount of a sanction, should one be appropriate.  Further Sibley is directed to respond to CarMax's affidavit and to show cause, in writing, by November 4, 2016, why sanctions should not be entered against him for the reasons stated above.

## III.   Conclusion

To summarize, CarMax's Motion for Summary Judgment on Petitioner's Petition and Respondent's Amended Counterclaim (ECF No. 42) will be granted.  Sibley's First Amended Counterclaim and First Amended Third-Party Complaint (ECF No. 14) will be dismissed with prejudice, and Sibley will be directed to submit to individual arbitration all of his claims against

14

CarMax arising out of his employment, including arbitration of those claims set forth in his January 6, 2016 demand letter to CarMax.  The class and collective action waiver, as well as the confidentiality provision in the DRA and DRRP are valid and will be enforced.

Sibley's Motion to Transfer Case and Consolidate Cases (ECF No. 43) will be denied, as well as Sibley's Motion for Jurisdictional Discovery (ECF No. 44).  Sibley's Cross Motion for Summary Judgment on Sibley's Counterclaims (ECF No. 45) will be denied.  Sibley's Cross Motion for Summary Judgment on CarMax's Petition (ECF No. 46) will be denied.

CarMax shall file by October 28, 2016, in accordance with *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235 (4th Cir. 2009) and Appendix B of the Local Rules of this Court, an affidavit setting forth its attorney's fees and expenses, organized by task, to assist the Court in determining the appropriate sanction, should one be imposed.

Sibley is directed to respond to CarMax's affidavit and to show cause, in writing, by November 11, 2016 why sanctions should not be entered against him for the reasons stated above.

A separate order shall follow.


<u>Date</u>:  October 14, 2016                              _____/s/_____

                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE