IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CARMAX AUTO SUPERSTORES, INC.,** | * | |
| *Plaintiff,* | * | |
| v. | * | Case No. RWT 16-cv-01459 |
| **MONTGOMERY B. SIBLEY,** | * | |
| *Defendant.* | * | |

## MEMORANDUM OPINION AND ORDER

"Those who cannot remember the past are condemned to repeat it."[1] Unfortunately, Defendant, Montgomery B. Sibley ("Sibley"), has not learned from his history of sanctions and suspensions, and thus he is doomed to repeat it here. For the reasons stated below, Plaintiff's Renewed Application for Fees and Costs [ECF No. 72] will be granted in part for the fees associated with trial and denied in part for the fees associated with the appeal. Defendant's Motion to Disqualify the Honorable Roger W. Titus [ECF No. 76] will also be denied.

### I. Background

Sibley, trained and previously licensed as an attorney, was suspended from the practice of law by three jurisdictions.[2] Each jurisdiction found Sibley's litigation strategy to be meritless or vexatious. Although this Court does not base its decision today on sanctions Sibley received from other courts, it is clear Sibley does not come to this Court with a blank slate.

In January 2011, finding his legal licenses suspended, Sibley obtained employment as a sales consultant for Plaintiff, CarMax Auto Superstores, Inc. ("CarMax"). ECF No. 1-2. On

---

[1] George Santayana, *Reason in Common Sense*, in *The Life of Reason or the Phases of Human Progress*, 284 (Charles Scribner's Sons 1905).
[2] Sibley's suspensions are a matter of public record and available at: *Florida Bar v. Sibley*, 979 So. 2d 221 (F.L. 2008); *Disciplinary Action*, The District of Columbia Bar, https://www.dcbar.org/membership/discipline-results.cfm?barNumber=%26%2CK5)*\%2B%24%0A (last visited September 20, 2018); *In re Sibley*, 990 A.2d 483 (D.C. 2010); *In re Sibley*, 61 A.D.3d 85 (N.Y. 2009).

May 6, 2016, CarMax terminated Sibley's employment after Sibley had formally requested arbitration in April 2016 for a number of grievances. ECF No. 29-1 at 2. After Sibley unequivocally communicated in writing his intent to litigate his claims rather than arbitrate, *id.*, CarMax petitioned this Court to compel Sibley to submit to arbitration pursuant to the parties' arbitration agreement, Compl. ¶ 29.[3] In response to the Complaint, Sibley flooded this Court with nine motions and amended or supplemental Answers and Counterclaims, each of which this Court denied in a July 13, 2016 Memorandum Opinion and Order. ECF Nos. 38, 39. In the same Memorandum Opinion, Sibley was warned that this Court's patience was not limitless and it would not tolerate vexatious or frivolous litigation. *Id.*

Instead of heeding this Court's warning, Sibley continued filing frivolous motions. On July 26, 2016, Sibley filed a Motion to Transfer Case and Consolidate Cases, ECF No. 43, and on August, 3, 2016 filed an Opposition to Motion to Remand and moved for jurisdictional discovery. ECF No. 44. The Court denied each motion because it had no authority to grant the requested relief as both motions pertained to an entirely separate case in the Eastern District of Virginia brought against Sibley by CarMax. As Judge Lauck noted in that case, "[t]he need for Judge Titus to consider motions relevant only to th[e] Eastern District of Virginia case constitutes an utter waste of judicial resources." *CarMax Auto Superstores, Inc. v. Sibley*, 3:16-cv-00611-MHL, 2016 U.S. Dist. LEXIS 180993, at *6 n. 7 (E.D. Va. Dec. 30, 2016).

On August 3, 2016, Sibley filed a cross motion for summary judgment on his counterclaims and a cross motion for summary judgment on CarMax's claims against him. ECF Nos. 45, 46. Sibley made three core arguments in these cross motions, each of which this Court denied in its October 14, 2016 Memorandum Opinion. First, Sibley argued that this Court

---

[3] A more detailed version of the facts leading to the initiation of this litigation are contained in this Court's previous opinions: *CarMax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392 (D. Md. 2016); *CarMax Auto Superstores, Inc. v. Sibley*, 215 F. Supp. 3d 430 (D. Md. 2016).

lacked subject matter jurisdiction over the case because Sibley did not breach the arbitration agreement. ECF No. 46 at 3-5. Previously, Sibley made this exact argument in a Motion for Partial Judgment on the Pleadings, which this Court had denied and even found frivolous because Sibley had expressly indicated his intention to litigate rather than arbitrate. ECF Nos. 27, 38 at 8. Finding that restating the exact argument previously denied by this Court was the very definition of vexatious, this Court summarily denied the argument. ECF No. 50 at 13.

Second, Sibley argued that CarMax could not enforce the terms of the arbitration agreement because the class action waiver provision was void against public policy and should be struck down based on the National Labor Relations Board (NLRB) decision in *D.R. Horton, Inc.*, 357 NLRB 2277 (2012). ECF No. 45 at 2-6. The Court noted that not only did Sibley fail to cite substantive, persuasive law in support of his position, he even failed to cite Supreme Court and Fourth Circuit holdings upholding class action waivers in arbitration agreements. ECF No. 50 at 7-8.

Finally, Sibley argued that the confidentiality provision was unconscionable and thus unenforceable. ECF No. 45 at 9-12. To prove unconscionability under Maryland law, both procedural and substantive unconscionability must be present. But Sibley did not even assert that the confidentiality provision was procedurally unconscionable. Once again, the Court summarily denied Sibley's Motion. *Id.* at 8-9.

After denying each of Sibley's Motions, this Court ordered Sibley to show cause why sanctions should not be entered against him. *Id.* at 14. Having previously put Sibley on notice in the Court's July 2016 Memorandum Opinion that his filings were possibly vexatious and meritless, this Order was appropriate in light of the frivolous nature of Sibley's subsequent

filings.  CarMax then filed an Application for Fees and Costs, ECF No. 54, and Sibley filed a response to the show cause order on October 31, 2016, ECF No. 55.  On that same day, Sibley filed his notice of appeal of this Court's October 14, 2016 Order to the Fourth Circuit.  ECF No. 56.  With the appeal pending, this Court denied the Application for Fees and Costs without prejudice, noting it would allow CarMax to renew the motion if the Order was affirmed on appeal.  ECF No. 60.  On August 3, 2018, the mandate of the United States Court of Appeals for the Fourth Circuit took effect, affirming this Court's Order.  ECF No. 71.  CarMax filed its Renewed Application for Fees and Costs four days later, adding a request for the fees associated with the appeal.  ECF No. 72.  Sibley filed a Response to the Renewed Application for Fees and Costs on August 20, 2018 [ECF No. 75], followed by a Motion to Disqualify the Honorable Roger W. Titus on September 10, 2018 [ECF No. 76].

## II.     CarMax's Application for Fees and Costs

CarMax seeks fees and costs incurred since this Court issued its warning to Sibley on July 13, 2016.  According to CarMax's Application, Renewed Application, and the accompanying affidavits, those fees and costs total $21,385.00.  ECF Nos. 54, 54-1, 72, 72-1.  Additionally, CarMax seeks fees and costs incurred on appeal, totaling $17,797.70.  ECF Nos. 72, 72-1.  Sibley does not challenge the reasonableness of the fees and costs requested by CarMax.  ECF No. 55 at 7.  Instead, Sibley contends that he did not violate Rule 11 because (1) the refiling of his previously dismissed argument that the Court lacked subject matter jurisdiction was not frivolous; (2) his class action waiver argument was not frivolous because the Seventh Circuit found such a waiver violated Section 7 of the National Labor Relations Act; and (3) his argument against enforcement of the confidentiality provision was not frivolous because it falls within Rule 11's safe harbor for arguments to modify or reverse existing law.

ECF No. 55. Finally, Sibley argues that this Court should not issue fees associated with the appeal because that authority is "expressly reserved" to the Fourth Circuit. ECF No. 75.

### A. Fees incurred at the district court level

"Sanctions are appropriate for pursuing a case after it becomes clear that the case is without merit," particularly when a plaintiff brought or continues to bring a meritless claim in bad faith. *Blue v. United States Dept. of Army*, 914 F.2d 525, 537 (4th Cir. 1990). Sources of authority for a court's imposition of such sanctions include 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the inherent power of the court under *Chambers v. NASCO Inc.*, 501 U.S. 32 (1991). Rule 11(b) requires a party presenting a filing to the court to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Moreover, a court's inherent power to manage its own affairs allows the court to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44–45. The ability to impose attorney's fees "is undoubtedly within a court's inherent power." *Id.* at 45.

Here, each of these sources of authority is directly applicable.[4] Nowhere is it more obvious that a case is without merit than where the same court previously denied the same litigant's same argument. Given that this Court had previously denied Sibley's same lack of subject matter jurisdiction argument, and that the Supreme Court found class action waivers enforceable in directly analogous situations, Sibley's motions must be found frivolous and without merit. Moreover, Sibley's argument against enforcing the confidentiality provision was doomed from the start because he never properly pleaded each element. Even if he had,

---

[4] Although this Court expressly relies on Rule 11 and its inherent power, it may also have authority to sanction Sibley using § 1927. Section 1927 only applies to those licensed to practice law, namely attorneys. Here, Sibley's licenses have been suspended, not revoked, so it is arguable that § 1927 could apply to him as well.

5

numerous other courts previously found CarMax's exact same confidentiality provision survived allegations of unconscionability. ECF No. 50 at 9-10. Sibley simply failed to provide any substantive, persuasive support for these claims. Finally, Sibley engaged in what essentially can be characterized as mirror litigation by filing identical motions in this Court and in the Eastern District of Virginia, asking this Court to do things it clearly did not have the authority to do under the Rules.

Given his legal education and his vast experience litigating in numerous different courts, Sibley knew or should have known the problems with each of his motions, especially after this Court's July 13, 2016 warning. Instead, Sibley continuously pursued a frivolous and vexatious litigation strategy, multiplied the costs of litigation for CarMax, and used up limited resources of this Court, thereby abusing the judicial process. The Court is not persuaded by Sibley's pleadings that a good faith argument has been made by Sibley that, "to the best of" his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," his arguments in the relevant motions were "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 11(b). As such, sanctions awarded against Sibley, in the form of the attorney fees and costs associated with the proceedings before this Court subsequent to the issuance of its warning, are the proper remedy here.

### B. Fees incurred on appeal

As for CarMax's request for fees and costs associated with the appeal, this Court will deny that request, finding that the authority to award such fees is the prerogative of the Fourth Circuit instead. On appeal, a litigant's conduct is governed by Federal Rule of Appellate Procedure 38. ("If a court of appeals determines that an appeal is frivolous, it may, after a

separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). In light of Rule 38, Federal Rule of Civil Procedure 11 does not allow a district court to award fees associated with an appeal. *See Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384, 407 (1990) ("The Federal Rules of Appellate Procedure place a natural limit on Rule 11's scope."). And, although it does not appear the Fourth Circuit has spoken to the precise issue of a district court's inherent authority to sanction a litigant's conduct on appeal, the basic rule in the majority of courts of appeals is that "[t]he determination of the right to sanctions . . . for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs." *Williamson v. Kay (In re Villa West Assocs.)*, 146 F.3d 798, 808 (10th Cir. 1998) (citation omitted); *see also Sams v. State Attorneys General (In re Cardizem CD Antitrust Litig.)*, 481 F.3d 355, 361 (6th Cir. 2007); *Conner v. Travis County*, 209 F.3d 794, 801 (5th Cir. 2000); *Schoenberg v. Shapolsky Publrs., Inc.*, 971 F.2d 926, 935 (2nd Cir. 1992); *Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988); *Flip Side Prods. v. Jam Prods.*, 843 F.2d 1024, 1037 (7th Cir. 1988); *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 309 (8th Cir. 1988). Undergirding this idea "is a concern that the district court oversteps its bounds when it sanctions conduct before the appellate court that the appellate court itself has the authority to sanction under the appellate rules." *Manion v. Am. Airlines, Inc.*, 395 F.3d 428 (D.C. Cir. 2004). Therefore, because the Fourth Circuit has not determined Sibley's appeal was frivolous, this Court declines to award fees and costs associated with the appeal.

### III.    Sibley's Motion to Disqualify

On September 10, 2018, Sibley moved to disqualify this Court from further involvement in this case because this Court denied CarMax's initial Application for Fees and Costs without

prejudice and gave CarMax the opportunity to renew said application in the event the Court's Order was affirmed on appeal. ECF No. 76. Sibley argues this "threat" evidences bias depriving him of a fair and impartial hearing. *Id.* Under 28 U.S.C. § 455, such bias "must derive from an extra-judicial source." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). Upon consideration of Defendant's Motion to Disqualify the Honorable Roger W. Titus, the Court finds no merit to the allegations of judicial unfairness, impartiality, or bias. Accordingly, it is this 2nd day of October, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Renewed Application for Fees and Costs [ECF No. 72] is **GRANTED IN PART**, for those fees and costs associated with district court proceedings, and **DENIED IN PART**, for those fees and costs associated with the appeal; and it is further

**ORDERED**, that fees and costs in the amount of $21,385.00 are hereby awarded against Defendant, Montgomery B. Sibley, and the Clerk is **DIRECTED** to enter judgment against Defendant, Montgomery B. Sibley in the amount of $21,385.00 and in favor of Plaintiff, CarMax Auto Superstores, Inc.; and it is further

**ORDERED**, that Defendant's Motion to Disqualify the Honorable Roger W. Titus [ECF No. 76] is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE